UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**FERNANDO CONTRERAS,**

    **Plaintiff,**

v.                                            Case No.  8:12-cv-1874-T-27TBM

**WINN-DIXIE STORES**

    **Defendant.**
_____/

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on the *pro se* Plaintiff's **Affidavit of Indigency** (Doc. 2), which the Court construes as a motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, which provides in pertinent part:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor.  Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a)(1).

As a threshold matter, however, the Court must determine whether Plaintiff's Complaint (Doc. 1) is frivolous or fails to state a claim, and therefore is subject to dismissal. *See* 28 U.S.C. § 1915(e)(2); *see, e.g., Moreland v. Wharton*, 899 F.2d 1168, 1169-70 (11th Cir. 1990).  A complaint is deemed frivolous "where it lacks an arguable basis either in law or

in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Specifically, the court must evaluate the plaintiff's complaint to determine whether "the plaintiff's realistic chances of ultimate success are slight." *Moreland*, 899 F.2d at 1170.

Additionally, Rule 8 of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This requirement ensures that the opposing party is given fair notice of what the claim is and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). To meet this standard, a petitioner must allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The factual allegations set forth by a petitioner must be sufficient to raise a right to relief above the speculative level on the assumption that all allegations are true. *Id.* However, the court should construe pro se pleadings liberally and hold them to a less stringent standard than pleadings drafted by attorneys. *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003) (quoting *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998)). Nonetheless, pro se litigants must follow the procedural rules, and the court is not required to rewrite a deficient pleading. *GJR Invests., Inc. v. County of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998).

Here, Plaintiff sues Defendant, the Winn-Dixie store on 12649 Hwy 301 N. in Dade City, Florida, for discrimination. The cause of action arises from an incident in April or May 2012 when Plaintiff went to a Winn-Dixie Store and wanted to check out, but the cash register

line that was open was long.  An argument ensued when Plaintiff asked customer service to open a new line and management refused, allegedly saying that he was not going to open a register for "a dome (sic) Mexican."  When another cash register line was finally opened, the assistant Manager allegedly assisted White customers first, and then told Plaintiff that he could check him out.  Plaintiff also alleges that a similar incident happened three years ago where one of the employees called him a "'F.' Mexican."  When Plaintiff complained to the corporate office, he was offered $1000 as a result of the incident.

While the alleged incident is unfortunate, Plaintiff fails to adequately allege a plausible claim under federal statute or the constitution, nor the requisite elements of any common law cause of action.  Moreover, an attempt at discerning a possible cause of action reveals that Plaintiff does not set forth clearly a claim of federal court jurisdiction.  In sum, Plaintiff fails to identify the theory under which he seeks to hold Defendant, Winn-Dixie Stores, liable.

For these reasons, I recommend that the Court **DISMISS** the Complaint (Doc. 1) and **DENY without prejudice** Plaintiff's construed motion to proceed *in forma pauperis* (Doc. 2).  It is further recommended that the Court direct the Plaintiff to file an Amended Complaint consistent with the pleading requirements of the Federal Rules of Civil Procedure within twenty days of the Court's Order, failing which may result in a dismissal of the action without further notice.

    Respectfully submitted on this
    30th day of August 2012.

    THOMAS B. McCOUN III
    UNITED STATES MAGISTRATE JUDGE

3

**NOTICE TO PARTIES**

      Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal and a *de novo* determination by a district judge.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; M.D. Fla. R. 6.02; *see also* Fed. R. Civ. P. 6; M.D. Fla. R. 4.20.

Copies to:
United States District Judge
*Pro se* Plaintiff